http://www.va.gov/vetapp16/Files2/1617319.txt

Citation Nr: 1617319 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 14-03 316 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico

THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, other than post-traumatic stress disorder (PTSD), claimed as a nervous condition.

REPRESENTATION

Appellant represented by: Puerto Rico Public Advocate for Veterans Affairs

ATTORNEY FOR THE BOARD

Bonnie Yoon, Associate Counsel

INTRODUCTION

The Veteran served on active duty with the United States Army from August 1952 to August 1957. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a June 2011 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, Puerto Rico.

The matter was last before the Board in June 2015, when it was remanded for further development. It has now been returned to the Board for further appellate review.

The Board has reviewed the Veteran's electronic claims file maintained in the Veterans Benefits Management System (VBMS) system and the electronic records in the Virtual VA system to ensure consideration of the totality of the evidence.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Board sincerely regrets the even further delay that will result from again remanding this claim. Nevertheless, because there has not been substantial compliance with the previous remand instructions, another remand is required. See Stegall v. West, 11 Vet. App. 268 (1998) (Where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance).

The Board's most recent June 2015 remand directed that a new VA examination be conducted to obtain a new medical opinion regarding the etiology of the Veteran's acquired psychiatric disorder other than PTSD. The directive specifically indicated that the examiner discuss the Veteran's VA treatment records, which included a diagnosis of generalized anxiety disorder. The directive also specified that the examiner was to provide a complete rationale for any opinion expressed; and acknowledge the medical evidence of record, including a January 1979 gastrointestinal evaluation which contains a diagnosis of anxiety, a December 1984 VA psychiatric examination, which contains a diagnosis of dysthymic disorder, with symptoms such as anxiety and depression, and the various lay statements of the Veteran and his wife in the record, as well as any other relevant information.

A VA mental disorders examination was conducted in September 2015. The examiner reviewed the Veteran's claims file and diagnosed the Veteran with vascular neurocognitive disorder that conformed to the DSM-5 criteria. The examiner opined that the Veteran's condition was less likely than not incurred in or caused by an in-service injury, event or illness. The examiner noted the Veteran's diagnosis of his neurocognitive condition was based on the mental status examination and review of the claims file, including the January 1979 evaluation and the December 1984 VA psychiatric examination, and the lay statements of the Veteran and his wife. The examiner stated that it was worth it to mention that although the Veteran's condition was a separate and distinct entity it could also share neuropsychiatric symptomatology that can be present on the clinic picture of other mental conditions, including anxiety, startled reaction to high pitched noises, increased sadness, and irritability. It was also well known in medical literature that patients with neurocognitive conditions tend to emphasize older memories. The examiner concluded that after review of the evidence and consideration of the above findings, a link between the Veteran's neuropsychiatric condition and his military combat activity could not be made.

It appears that the examiner, in the rationale provided, discussed why the Veteran's diagnosis of vascular neurocognitive disorder was justified; however, the examiner provided no supporting rationale for the conclusion that a link between the Veteran's neuropsychiatric condition and his military combat activity could not be made. Thus, the Board finds that an addendum VA medical opinion is required. See 38 C.F.R. § 4.2 (where an examination report does not contain sufficient detail, it is inadequate for evaluation purposes); see also Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301 (2008) (a medical examination report must contain clear conclusions with supporting data and a reasoned medical explanation connecting the two); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) (a medical opinion must be supported by an analysis that the Board can consider and weigh against contrary opinions).

The Board also notes that, effective August 4, 2014, VA amended the portion of its Schedule for Rating Disabilities dealing with mental disorders and its adjudication regulations to remove outdated references to the DSM, Fourth Edition (DSM-IV) and replace them with references to the recently updated DSM, Fifth Edition (DSM-5). See 79 Fed. Reg. 149, 45094 (August 4, 2014). The provisions of the interim final rule apply to all applications for benefits that are received by VA or that were pending before the AOJ on or after August 4, 2014. VA adopted as final, without change, the interim final rule and clarified that the provisions of this interim final rule do not apply to claims that have been certified for appeal to the Board or are pending before the Board as of August 4, 2014, even if such claims are subsequently remanded to the AOJ. See 80 Fed. Reg. 53, 14308 (March 19, 2015). 

As the record contains a VA Form 8 (Certification of Appeal), certifying the Veteran's appeal to the Board in April 2014, the claim is governed under the DSM-IV. While the Board acknowledges that the DSM-5 represents the most up-to-date clinical diagnostic guidelines, remand is also warranted for an addendum opinion in which the DSM-IV criteria are utilized.

Finally, as this case is being remanded, the Veteran's updated VA treatment records should be obtained and associated with the claims file. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain updated VA treatment records from the VAMC Caribbean Healthcare System and all associated clinics, as well as any other VA facility identified by the Veteran or in the record, for the period of August 2015 to the present.

2. Provide the claims file and a copy of this remand to the VA examiner who performed the VA mental disorders examination in September 2015, to provide a supplemental opinion. The entire VBMS claims file, along with the records contained in Virtual VA must be reviewed by the examiner in conjunction with the examination, and the examiner must clearly state that such was accomplished. If the VA examiner is no longer available, another qualified examiner should be asked to review the claims file and provide the requested opinion.

The examiner should identify the Veteran's currently diagnosed psychiatric disorders under the diagnostic criteria of DSM-IV. In this respect, the examiner should comment on all diagnoses of psychiatric disorders during the pendency of the appeal, including any diagnosis present or noted in the claims file (including generalized anxiety disorder, which is reflected in VA treatment records as recently as August 2015).

The examiner is then asked to provide an opinion as to whether it is at least as likely as not (a 50 percent probability or greater) that the Veteran's currently diagnosed psychiatric disorder was incurred in, or is otherwise etiologically related to, the Veteran's active duty military service, including the Veteran's combat service in Korea. 

A well-reasoned opinion and rationale must be provided with a detailed explanation for all conclusions reached by the examiner. Citations to the record or relevant medical principles should be included as necessary to explain the opinion provided. 

In rendering this opinion, the examiner must discuss the Veteran's combat service in Korea. The examiner must also discuss in the rationale the medical evidence of record, including a January 1979 gastrointestinal evaluation which contains a diagnosis of anxiety, and a December 1984 VA psychiatric examination, which contains a diagnosis of dysthymic disorder, with symptoms such as anxiety and depression. The examiner must also discuss the various lay statements of the Veteran and his wife in the record, as well as any other relevant information.

3. Review the claims file to ensure that all of the foregoing requested development is completed, and arrange for any additional development indicated. Then readjudicate the claim on appeal. If the benefits sought remain denied, issue an appropriate supplemental statement of the case and provide the Veteran and his representative the requisite period of time to respond.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MILO H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).